UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELIZ ORELVIS,

        Plaintiff,

v.

C.O. D. HALL, et al.,

        Defendants.

DECISION & ORDER

07-CV-6279CJS

---

        Plaintiff Feliz Orelvis, an inmate proceeding *pro se*, has been granted permission to proceed *in forma pauperis*. The Court directed service upon all defendants by the United States Marshal. Defendant Buzzetti has been served and is now represented by the New York State Attorney General's Office. The United States Marshal attempted to serve defendant Hall, but the Process Receipt was returned with a letter indicating that Corrections Officer D. Hall was out of work on workman's compensation. Therefore, the facility rejected service. No further indication of service has been provided.

        Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). *See also Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam)*; Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir. 1997) (if a *pro se* prisoner has provided the information necessary to identify the defendant, the Marshal's failure to effect service automatically constitutes good cause within the meaning of Fed. R. Civ. P. 4(m)).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon defendant Hall for an additional 120 days, Fed. R. Civ. P. 4(m); *see Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (interpreting Rule 4(j), the predecessor subdivision to Rule 4(m)); *Armstrong v. Sears*, 33 F.3d 182, 188 (2d Cir. 1994); *see generally Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57-58 (E.D.N.Y.1999) (collecting cases).

Additionally, in light of the specific difficulties plaintiff faces as an inmate and *pro se* litigant in locating this defendant while Hall is out of work, the Court requests that the New York State Attorney General assist the Court in finding the proper address for Hall, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam), and provide the address where Hall may be served.

The Clerk of Court shall send a copy of this Order and the Complaint to the Assistant Attorney General in Charge, 144 Exchange Boulevard, Rochester, New York 14614.

The Attorney General need not undertake to defend or indemnify Hall at this juncture. This order merely provides a means by which plaintiff may properly serve the defendant as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General is hereby requested to produce the information specified above by **December 18, 2008**. Once this information is provided, the

Clerk of the Court shall prepare and issue an amended Summons and cause the United States Marshal to effect service on defendant Hall.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       November  17 , 2008